[Crim. No. 2169. Second Appellate District, Division One.—December 7, 1931.]

In the Matter of the Application of JACK JOHNSON for Writ of Habeas Corpus.

Michael G. Luddy for Petitioner.

Frank W. Stafford, Deputy District Attorney, for Respondent.

CONREY, P. J.—Pursuant to order of commitment after preliminary examination by a magistrate, an information was filed in the superior court charging the petitioner with the commission of a felony, to wit, the crime of violating section 137 of the Penal Code.   Petitioner is now confined in the county jail awaiting trial on said information. In asking for the writ of *habeas corpus* he contended that at said preliminary examination no evidence whatsoever was

introduced tending to show probable or reasonable cause to believe that petitioner had violated said section 137 of the Penal Code.

The bribing of a witness for the purpose of influencing his testimony, or inducing him to give false or withholding true testimony, is a felony. (Pen. Code, sec. 137.) To wilfully prevent or dissuade any person who is or may become a witness from attending upon any trial, proceeding, or inquiry authorized by law, is a misdemeanor. (Pen. Code, sec. 136.) To receive or offer to receive a bribe for either of the above-mentioned purposes is a felony. (Pen. Code, sec. 138.) These three sections as originally enacted in the year 1872 provided for the punishment of each of said offenses as a misdemeanor. By subsequent amendment the offenses described in sections 137 and 138 were made felonies, but section 136 was not amended. It thus appears not only that the offense described in section 136 was originally a misdemeanor, but the subsequent legislative history to which we have referred indicates a further legislative intention that the violation of section 136 shall continue to be only a misdemeanor.

In this case the evidence before the committing magistrate tended to prove that the defendant offered to give money to certain witnesses in a criminal action pending in the superior court, provided that they would go out of the state and avoid being witnesses for the people in said action; but there was no evidence in any way tending to show that the defendant committed a felony by violating section 137 of the Penal Code, or at all. If he was guilty of any offense, it was a misdemeanor and triable in the municipal court, and not an offense for which he could be held to answer in the superior court. It follows that the present imprisonment of the defendant is illegal, and that he is entitled to his release.

It is ordered that petitioner be discharged from custody.

Houser, J., and York, J., concurred.